1  Marc P. Friedman
   OSB #89244
   245 West 13th Avenue
2  P.O. Box 11167
   Eugene, OR 97440
3  (541) 686-4890
   Fax: (541) 344-6254
4  mpfriedma@yahoo.com

FILED '05 DEC 16 15:49 USDC-ORE

5

6

7

8              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF OREGON

9

10  ERIC VINCENT SWANLUND

11        Plaintiff                    )    Case No. O5 6381-HO
                                       )
12        v.                           )    COMPLAINT
                                       )    (42 USC § 1983 Civil Rights Violation,
13  STATE OF OREGON,                   )    Trespass to Chattels, Conversion, Unlawful
    OREGON STATE POLICE,               )    Debt Collections, Negligent Supervision)
14  JAMES D. HAWKINS                   )
    and MATTHEW HAWKINS                )
15                                     )
          Defendants                   )
16  _____)

17        Plaintiff Alleges:

18                                    1.

19                      JURISDICTION and VENUE

20        This court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343.  Plaintiff pleads a

21  violation of his constitutional rights pursuant to Title 41 U.S.C. § 1983.  Plaintiff invokes pendent

22  jurisdiction over his State claims for relief that arose out of the same transactions and include

23  operative facts relevant to his civil rights claims herein.  A Notice of Tort Claim was filed on March

24  15, 2004.

25

26  ///

27

28  COMPLAINT                                                              Page 1

2.

Venue is proper in this Court in the District of Oregon under 28 U.S.C. §1391(b)(1) and (b)(2). All acts and omissions giving rise to this litigation occurred in the State of Oregon.

**PARTIES**

3.

At all material times, Plaintiff Eric Vincent Swanlund was a citizen of the United States, a resident of Oregon and domiciled in the District and State of Oregon.

4.

At all times material herein, Defendant State Senior Trooper James D. Hawkins, (hereinafter "Defendant Trooper"), was a citizen of the United States, a resident of Oregon and domiciled in the District and State of Oregon.

5.

At all material times herein, Defendant Matthew Hawkins, (hereinafter "Defendant Hawkins"), was a citizen of the United States, a resident of Oregon and domiciled in the District and State of Oregon. Defendant Hawkins is the son of Defendant Trooper.

6.

Defendant Oregon State Police (hereinafter, "OSP"), is an agency of the State of Oregon. (hereinafter "Defendant State").

**GENERAL ALLEGATIONS**

7.

At all times material herein, Defendant State of Oregon employed Defendant Trooper James Hawkins as an officer of the Oregon State Police.

COMPLAINT

8.

At all material times herein, Defendant Trooper acted while under the color of the authority of the State of Oregon and during the course and scope of his employment as an Oregon State Trooper.

9.

On or about September 20, 2003, Plaintiff and Defendant Hawkins entered into a retail installment contract with Kendall Chevrolet of Springfield, Oregon, for the purchase of a 1999 Ford pickup truck, VIN # 1FTNX20FXXEA52511, hereinafter referred to as "the truck".

10.

On September 20, 2003, Defendant Hawkins and Plaintiff registered the title to the truck under both of their names; with Defendant Matthew Hawkins and Plaintiff were listed as Joint or Co-Owners.

11.

At all times material herein, Plaintiff had the sole possession and exclusive use of the truck.

12.

Plaintiff made all payments relative to the purchase, and maintained the insurance and upkeep of the truck.

13.

At all times material herein, it was intended by both Defendant Matthew Hawkins and Plaintiff that the truck would be the personal vehicle of Plaintiff and for his exclusive use.

///

COMPLAINT                                                                                   Page 3

14.

At all times material herein, Plaintiff, and only Plaintiff, made timely payments on the retail installment contract to U-Lane-O Credit Union.

15.

On or about December 21, 2003, Plaintiff was followed in the truck into the parking lot near the Target store, located at the Gateway Mall, Springfield, Oregon, by Defendant Hawkins. Defendant Hawkins contacted Defendant Trooper to gain his assistance in securing the seizure of the subject truck.

16.

Defendant Hawkins advised his father, Defendant Trooper, that Plaintiff and the truck were at the Gateway Mall parking lot.  Using his position and privileged access as an Oregon State Trooper and the data bases and communication systems uniquely available to him as a State Trooper, including but not limited to AIRES, the 911 emergency communication system, and the State Police dispatch and communication system.  Defendant Trooper undertook to investigate, stop and arrest the Plaintiff in order to facilitate the seizure of the truck and transfer of possession to his son Defendant Hawkins.

17.

On December 21, 2003, under false pretenses Defendant Trooper utilized the resources of the Springfield Police Department to observe and detain, if necessary, the Plaintiff and the subject truck until Defendant Trooper arrived at the scene.  At this point, Defendant Trooper called off the assistance of a Springfield Police Unit to undertake the stop, detention and arrest of the Plaintiff unassisted and undisturbed.

COMPLAINT                                                                                                    Page 4

1

**18.**

2        On December 21, 2003, Plaintiff was stopped and arrested by Defendant Trooper and

3    subsequently handcuffed and detained in the backseat of Defendant Trooper's State Police car.

4    Plaintiff was allegedly arrested on an existing warrant resulting from a failure to appear on a Driving

5    Under the Influence of Intoxicants diversion.

6

7

**19.**

8        After detaining the Plaintiff in Defendant Trooper's patrol car, Defendant Trooper seized

9    and was in possession of Plaintiff's keys to the truck.  Defendant Trooper took control and

10    possession of the truck and then gave possession of the truck to his son, Defendant Hawkins.

11

**20.**

12

13        Defendant Trooper directed Defendant Hawkins to remove Plaintiff's personal property

14    from the truck, including a citizens band radio and its antennas.  Defendant Trooper then delivered

15    the keys and possession of the truck to Defendant Hawkins.

16

17

**21.**

18        Subsequent to the arrest and seizure of Plaintiff's property, Plaintiff was removed from

19    the scene by Defendant Trooper and taken to the Lane County Jail sometime after 8:00 p.m.

20

**22.**

21        Defendant Hawkins refused to return the truck to Plaintiff.  No further payments were

22    made under the contract.  Defendant Hawkins subsequently surrendered the truck to the U-Lane-O

23

24    Credit Union.  The truck was resold by the credit union and the Plaintiff billed by the credit union to

25    the price differential.

26    / / /

27

28   COMPLAINT

23.

Plaintiff timely filed his Notice of Tort Claim pursuant ORS 30.275 on March 15, 2004.

**FIRST CLAIM FOR RELIEF (Defendant Trooper)**
**(Civil Rights Violation 42 U.S.C. § 1983)**

24.

Plaintiff hereby re-alleges and reincorporates by reference paragraphs 1- 23 herein.

25.

The actions of Defendant Trooper Hawkins did deprive Plaintiff of his liberty and property by using Defendant Trooper's  position as a law enforcement officer, under the pretext of an arrest, to unlawfully resolve a civil matter between Plaintiff and Defendant Matthew Hawkins.

26.

Defendant Trooper acted under the color of state law in unlawfully seizing property belonging to Plaintiff in violation of Plaintiff's Fourth Amendment rights and his rights to due process under the Fourteenth Amendment of the United States Constitution.

27.

As a result of Defendant Trooper's unlawful actions, Plaintiff has been permanently deprived of the use of the truck.

28.

As a direct and foreseeable result of Defendant Trooper's unlawful conduct, Plaintiff has incurred liabilities in the amount of:

A.    The unrecoverable installment payments made by Plaintiff to U Lane O Credit Union
         after he was permanently deprived of his right of possession of the truck;

COMPLAINT                                                                                    Page 6

B.    the unrecoverable insurance payments made by Plaintiff on the truck after he was

permanently deprived of his rights of possession of the truck after he was permanently

deprived of his right of possession of the truck;

C.    the market value of the truck at the time of sale; and

D.    any incidental or subsequent damages to his personal property that was removed from the

truck at the direction of Defendant Trooper.

29.

Defendant Trooper's unlawful seizure of the truck and removal of Plaintiff's property

from the truck resulted in significant damage to the truck, reducing the market value of the truck and

resulting in a loss to Plaintiff in the sum of approximately $ 25,000.00.

30.

As a result of Defendant Trooper's unlawful conduct Plaintiff has incurred expenses in

the amount of $ 746.00 in unrecoverable installment payments, and $ 1,445.72 in unrecoverable

insurance payments.

31.

The loss of the truck as a result of Defendant Trooper's unlawful conduct caused the

Plaintiff to be deprived of a vehicle upon which he relied as a primary means of transportation to,

but not limited to, and from his place of work the loss of which resulted in the loss of his

employment, and lost wages in the sum of approximately $ 5,000.00.

32.

Defendant Trooper intentionally and unlawfully used his status as an Oregon State

Trooper to permanently deprive Plaintiff of his right of possession of the truck and therefore

COMPLAINT                                                                      Page 7

1    Plaintiff is entitled to punitive damages in an amount to be proven at trial.

2                                      33.

3    Plaintiff is entitled to recover an award of reasonable attorney fees pursuant to 42 U.S.C. § 1983.

4                    **SECOND CLAIM FOR RELIEF (Defendant Trooper)**
5                              **(Trespass to Chattels)**

6                                      34.

7    Plaintiff hereby realleges and reincorporates by reference paragraphs 1- 23 herein.

8
9                                      35.

10   Defendant Trooper did unlawfully interfere with Plaintiff's possession and use of the

11   subject truck and exercised control and dominion over said truck in violation of the Plaintiff's right

12   to possession and Oregon law.

13                                     36.

14
15   As a direct and foreseeable result of Defendant Trooper's trespass to chattels, Plaintiff

16   has incurred liabilities in the amount of:

17   A.  The unrecoverable installment payments made by Plaintiff to U Lane O Credit Union after he

18       was permanently deprived of his right of possession of the truck;

19
20   B.  the unrecoverable insurance payments made by Plaintiff on the truck after he was

21       permanently deprived of his rights of possession of the truck after he was permanently

22       deprived of his right of possession of the truck;

23   C.  the market value of the truck at the time of sale; and

24
25   D.  any incidental or subsequent damages to his personal property that was removed from the

26       truck at the direction of Defendant Trooper.

27

28   COMPLAINT                                                              Page 8

37.

Defendant Trooper's unlawful seizure of the truck and removal of Plaintiff's property from the truck resulted in significant damage to the truck, reducing the market value of the truck and resulting in a loss to Plaintiff in the sum of $ 25,000.00

38.

As a result of Defendant Trooper's unlawful conduct Plaintiff has incurred expenses in the amount of $746.00 in unrecoverable installment payments and $1,445.72 in unrecoverable insurance payments.

39.

The loss of the truck as a result of Defendant Trooper's unlawful conduct caused the Plaintiff to be deprived of a vehicle upon which he relied as a primary means of transportation to, but not limited to, and from his place of work the loss of which resulted in the loss of his employment, and lost wages in the sum of approximately $ 5,000.00.

**THIRD CLAIM FOR RELIEF (Defendant Trooper)**
**(Conversion)**

40.

Plaintiff hereby re-alleges and reincorporates by reference paragraphs 1- 23 herein.

41.

Defendant Trooper did unlawfully exercise dominion and control over the truck in question.

42.

Defendant Trooper did unlawfully interfere and permanently deprive Plaintiff of the use

COMPLAINT                                                                 Page 9

1    of the truck in question.

2                                    43.

3         Defendant Trooper intended to assert a right of possession that was inconsistent with

4    Plaintiff's right of control of the truck.

5                                    44.

6

7         Defendant Trooper acted in bad faith when he used his official capacity to resolve a civil

8    matter between Plaintiff and Defendant Hawkins.

9                                    45.

10        As a result of Defendant Trooper's unlawful actions, Plaintiff has been permanently

11   deprived of the use of the truck.

12

13                                   46.

14        As a direct and foreseeable result of Defendant Trooper's conversion, Plaintiff has

15   incurred liabilities in the amount of:

16        A.  The unrecoverable installment payments made by Plaintiff to U Lane O Credit Union after he

17            was permanently deprived of his right of possession of the truck;

18

19        B.  the unrecoverable insurance payments made by Plaintiff on the truck after he was

20            permanently deprived of his rights of possession of the truck after he was permanently

21            deprived of his right of possession of the truck;

22

23        C.  the market value of the truck at the time of sale; and

24        D.  any incidental or subsequent damages to his personal property that was removed from the

25            truck at the direction of Defendant Trooper.

26        ///

27

28   COMPLAINT                                                              Page 10

47.

Defendant Trooper's unlawful seizure of the truck and removal of Plaintiff's property from the truck resulted in significant damage to the truck, reducing the market value of the truck and resulting in a loss to Plaintiff in the sum of $ 25,000.00.

48.

As a result of Defendant Trooper's unlawful conduct Plaintiff has incurred expenses in the amount of $746.00 in unrecoverable installment payments and $1,445.72 in unrecoverable insurance payments.

49.

The loss of the truck as a result of Defendant Trooper's unlawful conduct caused the Plaintiff to be deprived of a vehicle upon which he relied as a primary means of transportation to, but not limited to, and from his place of work the loss of which resulted in the loss of his employment, and lost wages in the sum of approximately $ 5,000.00.

**FOURTH CLAIM FOR RELIEF (Defendant Trooper)**
**(Oregon Unlawful Debt Collections Practices Act)**

50.

Plaintiff hereby realleges and reincorporates by reference paragraphs 1- 23 herein.

51.

The events alleged in the aforementioned paragraphs are actionable under the Oregon Unlawful Debt Collections Practices Act, (hereinafter, the "OUDCPA"), in that:

A. Defendant Trooper attempted to collect an obligation, or alleged obligation, to pay money via the recovery and sale of the truck which originated from a transaction in which the

COMPLAINT                                                                          Page 11

money, credit, property or services that are subject of the transaction are primarily for personal, family or household purposes;

B. Plaintiff is the alleged debtor and is a person injured as a result of the unlawful attempt to collect the alleged debt;

C. Defendant Trooper is a debt collector as defined in the OUDCPA, ORS 646.639(1)(g), in that he used direct or indirect action, conduct or practice to enforce or attempt to enforce an obligation that is owed or due to any commercial creditor; or alleged to be owed or due to any commercial creditor, by a consumer as a result of a consumer transaction, and;

D. Defendant Trooper engaged in prohibited activity as defined in the OUDCPA, ORS 646.639(2)-(3) in that he:

    a.  Threatened arrest and criminal prosecution, and did in fact arrest Plaintiff and initiate criminal proceedings for the purpose of collecting an alleged debt;

    b.  Threatened seizure, attachment or sale of the truck in question, and did, in fact, seize and sell the truck, without a required court order, for the purpose of collecting an alleged debt;

    c.  Repeatedly and continuously, or at times known to be inconvenient, communicated with Plaintiff and Plaintiff's family with the intent to harass or annoy the same for the purpose of collecting an alleged debt;

    d.  Enforced a remedy that does not exist and took action outside his regular course of business, in that he was aware that it was unlawful to use his office as a State Trooper to resolve a civil matter between Plaintiff and Defendant Hawkins and that it was unlawful to use his office as a State Trooper for the purpose of repossessing property

COMPLAINT

as a means of debt collection;

    e.   Simulated the legal and judicial process and falsely gave Plaintiff the appearance of being authorized, issued or approved by a governmental agency to repossess property as a means of debt collection.

52.

As a direct and foreseeable result of Defendant Trooper's violation of the OUDCPA, Plaintiff has incurred liabilities in the amount of:

A.  The unrecoverable installment payments made by Plaintiff to U Lane O Credit Union after he was permanently deprived of his right of possession of the truck;

B.  the unrecoverable insurance payments made by Plaintiff on the truck after he was permanently deprived of his rights of possession of the truck after he was permanently deprived of his right of possession of the truck;

C.  the market value of the truck at the time of sale; and

D.  any incidental or subsequent damages to his personal property that was removed from the truck at the direction of Defendant Trooper.

53.

Defendant Trooper's unlawful seizure of the truck and removal of Plaintiff's property from the truck resulted in significant damage to the truck, reducing the market value of the truck and resulting in a loss to Plaintiff in the sum of $ 25,000.00.

54.

As a result of Defendant Trooper's unlawful conduct Plaintiff has incurred expenses in the amount of $746.00 in unrecoverable installment payments and $1,445.72 in unrecoverable

1   insurance payments.

2                                   55.

3        The loss of the truck as a result of Defendant Trooper's unlawful conduct caused the

4   Plaintiff to be deprived of a vehicle upon which he relied as a primary means of transportation to,

5   but not limited to, and from his place of work the loss of which resulted in the loss of his

6
7   employment, and lost wages in the sum of approximately $ 5,000.00.

8                                   56.

9        As a result of Defendant Trooper's violation of the OUDCPA, Plaintiff has the right to

10  recover reasonable attorney fees pursuant to ORS 646.545.

11
12                  **FIFTH CLAIM FOR RELIEF (Defendant Hawkins)**
                    **(Trespass to Chattels)**

13
14                                  57.

15       Plaintiff hereby realleges and reincorporates by reference paragraphs 1- 23 herein.

16                                  58.

17       Defendant Hawkins did unlawfully interfere with Plaintiff's possession and use of the

18  subject truck and exercised control and dominion over said truck in violation of the Plaintiff's right

19  to possession and Oregon law.

20
21                                  59.

22       As a direct and foreseeable result of Defendant Hawkins' trespass to chattels, Plaintiff has

23  incurred liabilities in the amount of:

24    A. The unrecoverable installment payments made by Plaintiff to U Lane O Credit Union after he

25       was permanently deprived of his right of possession of the truck;

26
27

28  COMPLAINT                                                                      Page 14

B.  the unrecoverable insurance payments made by Plaintiff on the truck after he was permanently deprived of his rights of possession of the truck after he was permanently deprived of his right of possession of the truck;

C.  the market value of the truck at the time of sale; and

D.  any incidental or subsequent damages to his personal property that was removed from the truck at the direction of Defendant Trooper.

60.

Defendant Hawkins' unlawful seizure of the truck and removal of Plaintiff's property from the truck resulted in significant damage to the truck, reducing the market value of the truck and resulting in a loss to Plaintiff in the sum of $ 25,000.00.

61.

As a result of Defendant Hawkins' unlawful conduct Plaintiff has incurred expenses in the amount of $746.00 in unrecoverable installment payments and $1,445.72.00 in unrecoverable insurance payments.

62.

The loss of the truck as a result of Defendant Trooper's unlawful conduct caused the Plaintiff to be deprived of a vehicle upon which he relied as a primary means of transportation to, but not limited to, and from his place of work the loss of which resulted in the loss of his employment, and lost wages in the sum of approximately $ 5,000.00.

/ / /

/ / /

/ / /

COMPLAINT                                                                                          Page 15

**SIXTH CLAIM FOR RELIEF (Defendant Hawkins)**
**(Conversion)**

63.

Plaintiff hereby realleges and reincorporates by reference paragraphs 1- 23 herein.

64.

Defendant Hawkins did unlawfully exercise dominion and control over the truck in question.

65.

Defendant Hawkins did unlawfully interfere and permanently deprive Plaintiff of the use of the truck in question.

66.

Defendant Hawkins intended to assert a right of possession that was inconsistent with Plaintiff's right of control of the truck.

67.

Defendant Hawkins acted in bad faith when he employed his father, Defendant Trooper James Hawkins, to act in his official capacity to resolve a civil matter between Plaintiff and Defendant Hawkins.

68.

As a result of Defendant Hawkins' unlawful actions, Plaintiff has been permanently deprived of the use of the truck.

69.

As a direct and foreseeable result of Defendant Hawkins conversion of Plaintiff's

COMPLAINT                                                                                    Page 16

property, Plaintiff has incurred liabilities in the amount of:

A. The unrecoverable installment payments made by Plaintiff to U Lane O Credit Union after he was permanently deprived of his right of possession of the truck;

B. the unrecoverable insurance payments made by Plaintiff on the truck after he was permanently deprived of his rights of possession of the truck after he was permanently deprived of his right of possession of the truck;

C. the market value of the truck at the time of sale; and

D. any incidental or subsequent damages to his personal property that was removed from the truck at the direction of Defendant Trooper.

70.

Defendant Hawkins' unlawful seizure of the truck and removal of Plaintiff's property from the truck resulted in significant damage to the truck, reducing the market value of the truck and resulting in a loss to Plaintiff in the sum of $ 25,000.00

71.

As a result of Defendant Hawkins' unlawful conduct Plaintiff has incurred expenses in the amount of $746.00 in unrecoverable installment payments and $1,445.72 in unrecoverable insurance payments.

72.

The loss of the truck as a result of Defendant Trooper's unlawful conduct caused the Plaintiff to be deprived of a vehicle upon which he relied as a primary means of transportation to, but not limited to, and from his place of work the loss of which resulted in the loss of his employment, and lost wages in the sum of approximately $ 5,000.00.

COMPLAINT                                                                                    Page 17

1

**SEVENTH CLAIM FOR RELIEF (Defendant Hawkins)**
**(Oregon Unlawful Debt Collections Practices Act)**

2

3

73.

Plaintiff hereby realleges and reincorporates by reference paragraphs 1- 23 herein.

4

5

74.

6

The events alleged in the aforementioned paragraphs are actionable under the Oregon

7

Unlawful Debt Collections Practices Act, (hereinafter, the "OUDCPA"), in that:

8

9

A. Defendant Hawkins attempted to collect an obligation, or alleged obligation, to pay money

10

via the recovery and sale of the truck which originated from a transaction in which the

11

money, credit, property or services that are subject of the transaction are primarily for

12

personal, family or household purposes;

13

14

B. Plaintiff is the alleged debtor and is a person injured as a result of the unlawful attempt to

15

collect the alleged debt;

16

C. Defendant Hawkins acted as a debt collector as defined in the OUDCPA, ORS

17

646.639(1)(g), in that he used direct or indirect action, conduct or practice to enforce or

18

attempt to enforce an obligation that is owed or due to any commercial creditor; or alleged to

19

be owed or due to any commercial creditor, by a consumer as a result of a consumer

20

transaction, and;

21

22

D. Defendant Hawkins engaged in prohibited activity as defined in the OUDCPA, ORS

23

646.639(2)-(3) in that he:

24

a.   Employed an Oregon State Trooper to threaten arrest and criminal prosecution, and

25

did in fact arrest Plaintiff and initiate criminal proceedings for the purpose of

26

27

28   COMPLAINT                                                                    Page 18

1      collecting an alleged debt;

2    b.  Employed an Oregon State Trooper to threaten seizure, attachment or sale of the

3        truck in question, which, in fact, resulted in the seizure and sale of the truck, without

4        a required court order, for the purpose of collecting an alleged debt;

5
6    c.  Repeatedly and continuously, or at times known to be inconvenient, communicated

7        with Plaintiff and Plaintiff's family with the intent to harass or annoy the same for the

8        purpose of collecting an alleged debt;

9    d.  Enforced a remedy that does not exist and took action outside the regular course of

10       business, in that he was aware that it was unlawful to employ his father, an Oregon

11
       State Trooper, to attempt to collect on an alleged debt.
12

13   e.  Simulated the legal and judicial process and falsely gave Plaintiff the appearance of

14       having been authorized, issued or approved by a governmental agency to repossess

15       property as a means of debt collection.

16                                          75.
17

18       As a direct and foreseeable result of Defendant Hawkins' violation of the OUDCPA,

19   Plaintiff has incurred liabilities in the amount of:

20   A.  The unrecoverable installment payments made by Plaintiff to U Lane O Credit Union after he

21       was permanently deprived of his right of possession of the truck;

22
23   B.  the unrecoverable insurance payments made by Plaintiff on the truck after he was

24       permanently deprived of his rights of possession of the truck after he was permanently

25       deprived of his right of possession of the truck;

26   C.  the market value of the truck at the time of sale; and

27

28   COMPLAINT                                                              Page 19

D. any incidental or subsequent damages to his personal property that was removed from the truck at the direction of Defendant Trooper.

76.

Defendant Hawkins' unlawful seizure of the truck and removal of Plaintiff's property from the truck resulted in significant damage to the truck, reducing the market value of the truck and resulting in a loss to Plaintiff in the sum of $ 25,000.00

77.

As a result of Defendant Hawkins' unlawful conduct Plaintiff has incurred expenses in the amount of $746.00 in unrecoverable installment payments and $1,445.72 in unrecoverable insurance payments.

78.

The loss of the truck as a result of Defendant Trooper's unlawful conduct caused the Plaintiff to be deprived of a vehicle upon which he relied as a primary means of transportation to, but not limited to, and from his place of work the loss of which resulted in the loss of his employment, and lost wages in the sum of approximately $ 5,000.00.

**EIGHTH CLAIM OF RELIEF (Defendant State)**
**(Civil Rights Violation 42 U.S.C. §1983)**

80.

Plaintiff hereby realleges and reincorporates by reference paragraphs 1- 23 herein.

81.

The acts of Defendant Trooper, as alleged herein, resulted in the unlawful search and seizure of Plaintiff and his property, therefore violating Plaintiff's rights under the Fourth and

COMPLAINT                                                                                              Page 20

1   Fourteenth Amendment's of the United States Constitution.

2   82.

3   The acts of Defendant Trooper, as alleged herein, resulted in a loss of Plaintiff's personal

4   property and caused Plaintiff to incur significant expenses.

5   83.

6

7   The actions of Defendant Trooper to secure a civil claim, as alleged herein resulted in an

8   unlawful arrest of Plaintiff and caused Plaintiff physical discomfort and severe humiliation.

9   84.

10   Before and during the events alleged herein, Defendant State purposefully established,

11   was aware of, accepted and instituted defective institutional polices, procedures and customs as

12   follows:

13

14   A.   Failure to properly train its officers as to the prohibitions against using their authority as

15        State Troopers to resolve civil matters between private parties;

16   B.   Failure to properly train its Troopers as to the prohibitions of using their authority as State

17        Troopers to effectuate repossession of property as a means of debt collection;

18

19   C.   Allowing an environment to exist in which other State Troopers were afraid to report

20        complaints against other Oregon State Troopers;

21   D.   Failure to require Oregon State Troopers to properly account for all activities while on

22        duty;

23

24   E.   Allowing Oregon State Troopers to use their positions as law enforcement officers to

25        seize personal property as a means of debt collection;

26   F.   Allowing Oregon State Troopers to use their positions as law enforcement officers to

27

28   COMPLAINT                                                                        Page 21

1    seize personal property as a means of resolving a civil matter between private parties;

2    G.    Allowing Defendant Trooper to continue his activities, as set forth herein, against

3          Plaintiff, by ignoring patterns of activity and other information which should have

4          reasonably put Defendant State on notice of Defendant Trooper's inappropriate conduct;

5    H.    Failing to investigate completely all complaints of misconduct lodged against Oregon

6          State Troopers;

7

8    I.    Allowing supervisors and other law enforcement agencies to arbitrarily dismiss, and find

9          unfounded, complaints of misconduct against Defendant Trooper by Plaintiff, other

10         Oregon State Troopers and other law enforcement officers;

11

12   J.    Allowing a climate and culture which encouraged or allowed Oregon State Troopers to

13         disregard the civil rights of others;

14   K.    Failing to properly supervise its Troopers;

15   L.    Maintaining a policy, custom, or practice of not requiring Oregon State Troopers to

16         prepare written reports on every occasion a citizen is investigated by an Oregon State

17         Trooper on patrol;

18

19   M.    Maintaining a policy that allowed its Troopers to be unaccountable for their time, or for

20         their whereabouts, during their patrol duties; and

21   N.    Allowing a Trooper to use his position and privileged access as an Oregon State Trooper

22         to use data bases and communication systems uniquely available to a State Trooper,

23         including but not limited to AIRES, the 911 emergency communication system, and the

24

25         State Police dispatch and communication system, for private purposes.

26                                       85.

27

1    The conduct of Defendant Trooper James Hawkins, under color of state law, as well as

2    the policies and procedures established by Defendant State, deprived Plaintiff of his

3    constitutional right to be free from unreasonable search and seizure of his physical being and

4    property.

5                                                            86.

6

7    In committing the acts and omissions alleged herein, Defendant State was reckless in the

8    performance of its duties, exhibiting a deliberate indifference to, and authorization of, the

9    deprivation of Plaintiff's constitutional rights as alleged herein.

10                                                           87.

11

12    As a direct and foreseeable result of Defendant State's misconduct, Plaintiff has incurred

13    liabilities in the amount of:

14    A. The unrecoverable installment payments made by Plaintiff to U Lane O Credit Union after he

15        was permanently deprived of his right of possession of the truck;

16    B. the unrecoverable insurance payments made by Plaintiff on the truck after he was

17        permanently deprived of his rights of possession of the truck after he was permanently

18        deprived of his right of possession of the truck;

19

20    C. the market value of the truck at the time of sale; and

21    D. any incidental or subsequent damages to his personal property that was removed from the

22        truck at the direction of Defendant Trooper.

23

24                                                           88.

25    As a result of the misconduct of Defendant State, Plaintiff has suffered economic damages in the

26    amount of $ 32,191.72.

27

28    COMPLAINT                                                                    Page 23

89.

Because the establishment of Defendant State's policies was reckless and implemented with a callous indifference to the rights of Plaintiff and those similarly situated, Plaintiff should be awarded Punitive Damages in an amount to be determined at trial.

90.

Plaintiff is entitled to recover an award of reasonable attorney fees pursuant to 42 U.S.C. § 1983.

**NINTH CLAIM FOR RELIEF (Defendant State)**
**(Negligent Supervision)**

91.

Plaintiff hereby realleges and reincorporates by reference paragraphs 1- 23 herein.

92.

Defendant State was negligent in their supervision of Defendant State Trooper James Hawkins in one or more of the following respects:

A.    By failing to supervise Defendant Trooper Hawkins;

B.    By failing to train Oregon State Trooper's to report instances of improper abuses of authority in situations such as those involving Plaintiff and others victimized by Defendant Trooper Hawkins.

C.    By failing to institute policies and procedures which required its Troopers to account completely for their activities while on duty;

D.    By ignoring patterns of activity and other information about Defendant Trooper Hawkins, which should have reasonable put Defendant State on notice of Defendant Trooper's

1    inappropriate conduct.

2    E.   By failing to properly train its Troopers to respect the civil rights of citizens to be free

3         from unreasonable search and seizure;

4    F.   By failing to train its Troopers as to the statutory prohibitions against using their position

5         as law enforcement officers for the purpose of resolving civil matters between private

6

7         parties;

8    G.   By failing to train its Troopers as to the statutory prohibitions against using their position

9         as law enforcement officers for the purpose of unlawfully repossessing property as a

10        means of debt collection;

11

12   H.   By failing to provide proper sanctions for, and ignoring information about, the alleged

13        instances of misconduct by Defendant Trooper Hawkins, and

14   I.   By placing Defendant Trooper Hawkins in a position which posed an unreasonable risk of

15        harm to Plaintiff's rights against unreasonable search and seizure of his person and

16        property, when Defendant State knew, or should have discovered through reasonable

17        investigation, the danger Defendant Trooper posed to Plaintiff; and

18

19   J.   Allowing Defendant Trooper to use his position and privileged access as an Oregon State

20        Trooper to use data bases and communication systems uniquely available to a State

21        Trooper, including but not limited to AIRES, the 911 emergency communication system,

22        and the State Police dispatch and communication system, for private purposes.

23

24                                              93.

25        Defendant State's negligent supervision, as alleged herein, was a substantial factor in

26   causing Plaintiff's suffering economic damages in the amount of $32,191.72, as a result of the

27

28   COMPLAINT                                                                    Page 25

seize of the truck.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a. Against Defendant State Senior Trooper James Hawkins in Plaintiff's First Claim for Relief in the amount of $32,191.72 economic damages; punitive damages in an amount to be determined at trial; reasonable attorney fees; and Plaintiff's costs and disbursements incurred herein;

b. Against Defendant State Senior Trooper James Hawkins in Plaintiff's Second Claim For Relief, the amount of $32,191.72 economic damages and Plaintiff's costs and disbursements herein;

c. Against Defendant State Senior Trooper James Hawkins in Plaintiff's Third Claim For Relief, the amount of $32,191.72 economic damages and Plaintiff's costs and disbursements herein;

d. Against Defendant State Senior Trooper James Hawkins in Plaintiff's Fourth Claim For Relief, the amount of $32,191.72 economic damages; reasonable attorney fees and Plaintiff's costs and disbursements herein;

e. Against Defendant Matthew Hawkins in Plaintiff's Fifth Claim For Relief, the amount of $32,191.72 economic damages and Plaintiff's costs and disbursements herein;

f. Against Defendant Matthew Hawkins in Plaintiff's Sixth Claim For Relief, the amount of $32,191.72 economic damages and Plaintiff's costs and disbursements herein;

g. Against Defendant Matthew Hawkins in Plaintiff's Seventh Claim For Relief, the

COMPLAINT

1    amount of $32,191.72 economic damages; reasonable attorney fees and Plaintiff's

2    costs and disbursements herein;

3    h.    Against Defendant State in Plaintiff's Eighth Claim For Relief, the amount of

4    $32,191.72 economic damages; punitive damages in an amount to be determined

5    at trial; reasonable attorney fees and Plaintiff's costs and disbursements herein;

6    and

7

8    i.    Against Defendant State in Plaintiff's Ninth Claim For Relief, the amount of

9    $32,191.72 economic damages and Plaintiff's costs and disbursements herein.

10

11    DATED this __16th__ day of December, 2005

12

13

14

15    Submitted By: _____

16    Marc Friedman, OSB #89244
     Attorney for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28    COMPLAINT                                                                    Page 27